FOR THE NORTHERN DISTRICT OF GEORGIA
IN THE UNITED STATES DISTRICT COURT
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 1:11-CR-239-25-CAP-ECS |
| | : | |
| SONIA SANCHEZ | : | |
| | : | |

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
AND ORDER CERTIFYING READY FOR TRIAL**

**I.
Introduction**

This matter is before the Court on the motion by Defendant Sonia Sanchez under Rule 8(b) of the Federal Rules of Criminal Procedure "for severance from the co-defendants named in Count One" of the superceding indictment in this case. Def.'s Mot. at 9, [Doc. 342]. Count One of the superseding indictment charges eleven defendants, but not Defendant Sanchez, in a conspiracy to knowingly distribute and possess with intent to distribute cocaine, over a two-year period from June 2009 to June 2011. [Doc. 149]. Count Two charges Defendant Sanchez, along with eighteen other co-defendants, with conspiracy to knowingly distribute and to possess with intent to distribute marijuana and cocaine, over an eighteen-month period from January 2010 until June 8, 2011. Two defendants who are charged in the cocaine conspiracy in Count One — Maria Madriz-Hernandez and Samantha Sepulveda-Madriz — are also charged with Defendant Sanchez in the marijuana and cocaine conspiracy in Count

Two. Defendant Sanchez is also charged in Count Four with conspiracy to commit money laundering, along with three other defendants not named in Count One, and in Count Eleven in a substantive count of possession with intent to distribute marijuana, along with four others also charged in the marijuana and cocaine conspiracy in Count Two but not in Count One.

The superceding indictment also charges multiple additional substantive counts of possession with intent to distribute cocaine, marijuana, money laundering, and one count of felon in possession of a firearm. These counts are against a variety of different defendants, some of whom are also named in the conspiracy Counts One, Two, Three, Four, and Five.

## II.
## Discussion

Rule 8 of the Federal Rules of Criminal Procedure permits the joinder of offenses or defendants in the same indictment or information in order to promote judicial economy. Zafiro v. United States, 506 U.S. 534, 537 (1993). The rule is to be broadly construed in favor of initial joinder. United States v. Walser, 3 F.3d 380, 385 (11th Cir. 1993); United States v. Smalley, 754 F.2d 944, 946 (11th Cir. 1985); United States v. Davis, 773 F.2d 1180, 1181 (11th Cir. 1985). Rule 8(a) governs joinder of offenses in cases involving single defendants. Where multiple defendants are involved, joinder is governed by Rule 8(b). United States v.

2

Butera, 677 F.2d 1376, 1384 (11th Cir. 1982); United States v. Park, 531 F.2d 754, 760 n.4 (5th Cir. 1976).[1]

Rule 8(b) provides as follows:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Whether initial joinder is proper under Rule 8(b) is to be determined by the trial court before trial from the allegations stated on the face of the indictment. U.S. v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000); United States v. Weaver, 905 F.2d 1466, 1476 (11th Cir. 1990); United States v. Castro, 829 F.2d 1038, 1044 (11th Cir. 1987), modified, 837 F.2d 441 (11th Cir. 1988). Thus, under Rule 8(b),the Court must look at the indictment to determine if the initial joinder was proper. Weaver, 905 F.2d at 1476-77.

The indictment in this case charges drug distribution conspiracies in both Counts One and Two. The conspiracies are alleged to have occurred during overlapping time frames and both Counts share two common defendants. "Separate conspiracies with different memberships may still be joined if they are part of the

---

[1] This case is binding precedent under Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

same series of acts or transactions." Weaver, 905 F.2d at 1476. However, "when ... the connection between different groups is limited to a few individuals common to each but those individuals commit separate acts which involve them in separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present." United States v. Nettles, 570 F.2d 547, 551 (5th Cir. 1978). Similarly, "[w]hile criminal acts of several defendants may be similar in nature, these acts cannot be properly joined in a multiple defendant trial if different facts and circumstances must be established to support the alleged violations. But when the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper." Weaver, 905 F.2d at 1477 (quoting United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974)).

Defendant Sanchez contends that the cocaine conspiracy in Count One is a separate and distinct conspiracy from the marijuana and cocaine conspiracy in Count Two and, because she is not named in Count One, Count One and its defendants should be severed. Defendant does not argue that severance is required under Rule 14 on the grounds of prejudicial joinder.

The Government responds that the defendants in the cocaine conspiracy count in Count One were properly joined with the defendants in Count Two because, in essence, the transactions that

4

are the subject of the Count One conspiracy are the same as the transactions in Count Two, or are part of the same series of transactions. Gov't Response at 7, [Doc. 487]. The Government points to evidence that it contends links common sources of drug supply and launderable money to defendants in both of the drug and money laundering conspiracies. In particular, the Government submits that Defendant Sanchez laundered money for Adrian Martinez-Montanez, named in the cocaine conspiracy in Count One, and received drugs for distribution from Raul Valencia, another cell manager named in Count Two and allegedly connected to the same Mexican sources of supply as the Count One conspiracy. Gov't Response at 5-6. The Government also proffers that David Sanchez, named with Defendant in Count Two, was a former source of cocaine for Carlos Morales and Tejada, named in Count One. Gov't Response at 2, 4. The Government contends that Counts One and Two are also related by the indictment of Maria Madria-Hernandez in both Counts as cell manager for the same ultimate sources of drug supply in Mexico. However, none of this evidence relied upon by the Government, other than the temporal overlap and the two common defendants, is apparent from the face of the indictment.

In its response the Government does not attempt to argue that the face of the indictment demonstrates a basis for joinder under Rule 8(b). Instead, the Government proffers the evidence summarized above from outside the indictment and argues that Defendant cannot

5

show compelling prejudice under Rule 14. But even if the factual proffer by the Government could properly be considered, the Government's proffer still fails to demonstrate that "the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense ...." Weaver, 905 F.2d at 1477. And when there is no substantial identity of facts or participants between the two offenses, there is no "series" of acts under Rule 8(b). United States v. Corbin, 734 F.2d 643, 649 (11th Cir. 1984). In this case the Government has failed to make the requisite showing from the face of the indictment that would permit joinder of Count One and Count Two.

Rule 8(b) "requires the granting of a motion for severance unless its standards are met, even in the absence of prejudice." United States v. Lane, 474 U.S. 438, 449 n.12 (1986), reh'g denied, 475 U.S. 1104 (1986); Corbin, 734 F.2d at 649 ("Unlike a motion for severance under Rule 14, a defendant need not demonstrate prejudice to prevail upon a claim of misjoinder under Rule 8(b), for if a defendant has been improperly joined, prejudice is presumed."). Here the standards of Rule 8(b) for limited joinder are not met.

AO 72A
(Rev.8/82)

**III.
Conclusion**

Accordingly, this Court concludes that initial joinder of the defendants in the cocaine conspiracy in Count One with the defendants in the marijuana and cocaine conspiracy in Count Two was improper under Rule 8(b). See Weaver, 905 F.2d at 1477; Nettles, 570 F.2d at 551; Gentile, 495 F.2d at 630; see also Castro, 829 F.2d at 1044-45. Accordingly, the undersigned **RECOMMENDS** that the motion for severance, [Doc. 342], be **GRANTED** and that the defendants named in Count One of the indictment alleging a cocaine conspiracy be severed from the defendants in the marijuana and cocaine conspiracy in Count Two.[2]

In view of this recommendation, it is not necessary for this Court to address whether prejudicial joinder has been shown so as to warrant severance under Rule 14. See Zafiro v. United States, 506 U.S. 534, 538 (1993) (when joinder is proper under Rule 8(b),

---

[2] Defendant's motion requests "severance from the co-defendants named in Count 1" and then lists the defendants. Def. Motion at 9, [Doc. 342]. Defendant did not specify exactly what counts she contends should be severed. From my review, the grant of this motion would appear to require severance not only of Count One, but also the other conspiracy and substantive counts that relate to the defendants in Count One. This would include Count Three (conspiracy to launder money); Count Eight (possession with intent to distribute cocaine); Count Ten (possession with intent to distribute cocaine); Count Thirteen (possession with intent to distribute cocaine); Count Fourteen (possession with intent to distribute cocaine); and Count Seventeen (money laundering). All of the above-listed counts charge defendants named in Count One. If these counts are severed, this would leave to be tried separately: Counts Two, Four, Five, Six, Seven, Nine, Eleven, Twelve, Fifteen, Sixteen, Eighteen and Nineteen.

7

AO 72A
(Rev.8/82)

severance should be granted under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence); <u>United States v. Cassano</u>, 132 F.3d 646, 650-51 (11th Cir. 1998); <u>United States v. Salomon</u>, 609 F.2d 1172, 1175 (5th Cir. 1980).

It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 17th day of July, 2012.

> */s/ E. Clayton Scofield III*
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)